[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 6, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14640
Non-Argument Calendar

_____

BIA Nos. A78-584-998 & A78-584-999

AUGUSTO GARCIA-VALDERRAMA,
MARIA ELVIRA MATIZ,

                                                    Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                    Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

(May 6, 2005)

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Petitioners Augusto Garcia-Valderrama and Maria Elvira Matiz, his wife, citizens and residents of Colombia, S. A., entered the United States as nonimmigrant visitors on August 5, 2000; they had the right to remain here until February 4, 2001. They stayed beyond that date, however, and, on September 10, 2002, were served with Notices to Appear for removal proceedings. Prior to being served, Valderrama filed applications for asylum and withholding of removal on behalf of himself and Matiz. He asked for asylum because he had been persecuted in Colombia by the FARC, a guerrilla faction known for violence, and feared further persecution at their hands if returned to Colombia.

An Immigration Judge (IJ) held a hearing on the applications on March 10, 2003. After considering the evidence presented, including testimony from Valderrama, the IJ ordered petitioners deported to Colombia. The IJ found what Valderrama said to be credible but insufficient to make out a claim for asylum. The testimony was insufficient, the IJ held, because the part relating to his political activities was not specific enough and, moreover, failed to establish a nexus between his political opinion and the FARC's harassment. Petitioners appealed the IJ's decision to the Board of Immigration Appeals (BIA); it affirmed the decision on August 13, 2004. They now petition this court for review.

Because the petitioners' removal proceedings commenced after April 1,

1997, the effective date of the Illegal immigration and Reform and Immigrant Responsibility Act of 1996 (IIRIRA), this case is governed by the permanent provisions of the Immigration and Nationality Act (INA), as amended by IIRIRA. Because the BIA, in affirming the IJ's decision, expressly adopted the IJ's reasoning, our review focuses on the IJ's decision. Al-Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).

We review the IJ's application of the law de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001). We review IJ's findings of fact under the highly deferential substantial evidence test, however, which means that we view the record in the light most favorable to the [IJJ's decision and draw all reasonable inferences in favor of that decision." Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc) petition for cert. filed, (U.S. Oct. 28, 2004) (No. 04-7944). In other words, we "must affirm the [IJ]'s decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole."Al Najjar, 257 F.3d at 1283-84 (quoting Lorisme v. INS, 129 F.3d 1441, 1444-45 (11th Cir. 1997)).[1] We are precluded from weighing the

---

[1]As a preliminary matter, aside from checking the box in his asylum application, Valderrama failed to mention, during the administrative proceedings, that petitioners' asylum claim was based on membership in a particular group. Under 1NA § 242(d)(l), 8 U.S.C. § 1252(d)(l), "{a] court may review a final order of removal only if. . . the alien has exhausted all administrative remedies available to the alien as of right." This exhaustion requirement is jurisdictional, and precludes review of a claim that has not been presented to the JJ or the BIA.

evidence. And we may not reverse the IJ's findings of fact unless the record compels a contrary conclusion. Farquaharson v. United States Attorney Gen., 246 F.3d 1317, 1320 (llthCir. 2001).

An alien who arrives in, or is present in, the United States may apply for asylum. INA § 208(a)(1), 8 U.S.C. § 1 158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." INA § 208(b)(1), 8 U.S.C. § 1 158(b)(1). A "refugee" is defined as:

> any person who is outside any country of such person's nationality..., and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion

INA § 101(a)(42)(A), 8 U.S.C. § 1 101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status. Al Najjar, 257 F.3d at 1284. To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287.

---

See e.g., Fernandez-Bernal v. Attorney Gen. of the United States, 257 F.3d 1304, 1317 n.13 (11th Cir. 2001). Accordingly, the claim that petitioners were members of a particular social group is unexhausted, and we are precluded from reviewing it. See Al Naj jar, 257 F.3d at 1293 (refusing to consider a claim that was not raised before the JJ or BIA).

We agree with the Second and Ninth Circuits that there is no requirement that persecution be based solely on account of a protected ground. See Borja v. INS, 175 F.3d 732, 735-36 (9th Cir. 1999) (en banc); Osorio v. INS, 18 F.3d 1017, 1028 (2nd Cir. 1994)("The plain meaning of the phrase 'persecution on account of the victim's political opinion,' does not mean persecution *solely* on account of the victim's political opinion."). If the applicant can show that the persecution was, at least in part, motivated by a protected ground, then the applicant can establish eligibility for asylum. See Borja, 175 F.3d at 736 (holding that evidence compelled the conclusion that persecution was on account of both political opinion and attempts at extortion, and that such a "mixed motives" case satisfied applicant's burden); see also In re S-P-, 21 I & N Dec. 486 (BIA 1996) (noting that, in a mixed motive case, "the standard for review is whether the applicant has produced evidence from which it is reasonable to believe that the harm was motivated by a protected ground").

Additionally, an asylum applicant may qualify as a refugee based on an imputed political opinion not actually held by the applicant. Al Najjar, 257 F.3d at 1289 ("An imputed political opinion, whether correctly or incorrectly attributed,' may constitute a ground for a 'well-founded fear' of political persecution within the meaning of the INA.") (quoting Morales v. INS, 208 F.3d 323, 331 (1st Cir.

2000)).  In the case of an imputed political opinion, the inquiry is not whether the applicant held a particular political opinion, but whether his alleged persecutors, either correctly or incorrectly, attributed a particular political opinion to the applicant.  Vera-Valera v. INS, 147 F.3d 1036, 1038-39 (9th Cir. 1998).

The record in this case compels the conclusion that the FARC targeted Valderrama, in part, because of his political opinion. The IJ's holding that he failed to show that his harm was linked to his political opinion was therefore erroneous.  Additionally, because the IJ failed to determine whether the petitioners suffered past persecution or established that they have a well-founded fear of future persecution, we must remand the case to allow the agency to decide the issue in the first instance.  Accordingly, the petition is granted, and the case is remanded to the BIA for further proceedings.

**PETITION GRANTED**.