[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 2, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15087
Non-Argument Calendar

_____

Agency Nos. A078-584-998, A078-584-999

AUGUSTO GARCIA VALDERRAMA,
MARIA ELVIRA MATIZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(July 2, 2009)

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

On September 10, 2002, petitioners Augusto Garcia Valderrama and his wife, Maria Elvira Matiz, natives and citizens of Colombia, S.A., appeared before an Immigration Judge ("IJ") on a Notice to Appear, which charged them with removability under the Immigration and Nationality Act ("INA") as nonimmigrants who had remained in the United States for longer than authorized by law. Petitioners conceded their removability and sought asylum[1] on the grounds that (1) the FARC, a leftist guerilla group in Colombia, had persecuted them with violence and attacked Matiz[2] because Valderrama belonged to the Conservative Party and had engaged in political activity and made speeches in opposition to FARC tactics, and (2) they feared further persecution if returned to Colombia. On March 10, 2003, the IJ held a hearing on their application. After receiving Valderrama's testimony and documentary evidence, the IJ found that

> [petitioners were] statutorily eligible for asylum and [Valderrama] had offered credible . . . testimony. . . [but] failed to establish a nexus to a protected ground under the [INA]. Furthermore, . . . [Valderrama's] testimony regarding his political activities was not specific and was insufficient to meet the burden of demonstrating past persecution and/or a well-founded fear of future persecution.

The IJ therefore denied petitioners' application.

---

[1] Matiz is a derivative asylum applicant on Valderrama's application. Petitioners also applied for withholding of removal under the INA and the Convention Against Torture. Those applications were denied in decisions that are not before us here.

[2] The FARC attacked and beat Matiz at petitioners' home. She was four months pregnant and, in consequence of the attack, lost the fetus.

Petitioners appealed the decision to the Board of Immigration Appeals ("BIA"), challenging the IJ's lack-of-nexus finding and the IJ's determination that they failed to demonstrate persecution. The BIA dismissed the appeal on August 13, 2004, agreeing with the IJ that petitioners failed to establish a nexus between FARC's threats and violence and Valderrama's political activity. Petitioners then petitioned this court for review.

We granted the petition for review and remanded the case to the BIA for further proceedings with this statement:

> The record in this case compels the conclusion that the FARC targeted Valderrama, in part, because of his political opinion. The IJ's holding that he failed to show that his harm was linked to his political opinion was therefore erroneous. Additionally, because the IJ failed to determine whether the petitioners suffered past persecution or established that they have a well-founded fear of future persecution, we must remand the case to allow the agency to decide the issue in the first instance.

Garcia-Valderrama v. U.S. Attorney General, 130 Fed.Appx. 434, 437 PIN (11th Cir. 2005).

On receipt of our mandate, the BIA, on September 9, 2005, remanded the case to the IJ for further proceedings. The IJ construed our mandate as requiring him "to determine if [petitioners] suffered past persecution or had a well-founded fear of future persecution." As it turned out, the IJ decided to do this on the basis of the record of the March 10, 2003 hearing on petitioners' asylum application augmented with documents portraying Colombia's "current country conditions."

3

Accordingly, at a master calendar hearing on October 14, 2005, the IJ ordered petitioners to submit such documentation.[3]

The IJ scheduled a hearing for January 24, 2006, in Miami, Florida, to consider the merits of petitioners' application, then sua sponte rescheduled the hearing for April 17, 2006. Petitioners, who were living in Texas, traveled to Miami for the hearing, but were notified after they arrived, on April 17, that the IJ would not be able to hold the hearing. On April 24, the IJ rescheduled the hearing for July 20, 2006. Petitioners appeared with counsel. The IJ announced that the hearing was limited to what was already in the record – the record of the March 10, 2003 hearing and the documentation that had been submitted pursuant to his October 14, 2005 order. Petitioners' attorney asked the IJ for permission to present the testimony of petitioner Matiz, since she had not testified at the March 10, 2003 hearing, but the IJ denied counsel's request. The IJ adjourned the hearing with the statement that he would issue a written decision in due course.

On August 15, 2006, the IJ issued his decision, denying petitioners asylum and ordering their removal. The IJ found that the harm Valderrama and his wife sustained at the hands of the FARC did not constitute past persecution. Assuming,

_____

[3] The documentation admitted into evidence in accordance with the IJ's instructions consisted of a U.S. Department of State 2004 Country Report on Human Rights Practices in Colombia; a U.S. Department of State Country Report on Human Rights Practices in Colombia and February 2006 Background Note; and various documents submitted by the respondent.

however, that they had suffered past persecution, the IJ held that "the regulatory presumption of future persecution would be rebutted due to the change in country conditions." On that score, he "determined that [petitioners'] past suffering did not constitute persecution, and, therefore, any fears of similar sufferings in the future d[id] not constitute persecution . . . [and] that [petitioners'] well-founded fear of future persecution has not been established." But, assuming that they had, Colombian country conditions had changed dramatically since 2000, with FARC's strength declining and incidents of FARC's kidnaping and other violent crimes decreasing. Further, and that assuming that petitioners had shown past persecution, the presumption that they would suffer future persecution had been rebutted due to the change in country conditions. In addition, petitioners had not established a reasonably objective fear of returning to Colombia.

Petitioners appealed the IJ's decision to the BIA. In their brief to the BIA, petitioners argued that the IJ failed to follow the mandate of this court and the BIA to conduct "further proceedings" on their asylum application for the purpose of determining whether they suffered past persecution or had a well-founded fear of future persecution on account of their political opinion; that the IJ denied them procedural due process by denying them the right to present the testimony of Matiz. As the BIA recited in its decision dismissing the appeal,

5

[petitioners] argue[d] that the [IJ] disregarded the remand issued by this Board and by the Eleventh Circuit, and violated their constitutional right to due process, as he did not allow [them] to present any testimony on remand. They also complain[ed] that the [IJ] erred and violated their rights by requiring them, and not the Department of Homeland Security, to present the evidence of changed country conditions.[4]

In dismissing the appeal, the BIA noted the IJ's findings that petitioners failed to establish past persecution and that, assuming they had established it, "the regulatory presumption of future persecution would be rebutted due to the change in country conditions in Colombia. . . ." The BIA agreed "with the [IJ's] finding of changed country conditions," but said nothing in its decision in response to petitioners' argument that the IJ had denied them due process in refusing to allow them to present any testimony.

Petitioners now seek review of the BIA's latest decision. Two issues are presented: (1) whether substantial evidence supports the agency's conclusion that Valderrama's proof failed to establish a well-founded fear of future persecution;

---

[4] Regarding this point, we note that 8 C.F.R. § 208.13(b) states, in relevant part:

An [asylum] applicant who has been found to have established . . . past persecution shall also be presumed to have a well-founded fear of persecution . . . . That presumption may be rebutted if an . . . [IJ] [finds] by a preponderance of the evidence . . . [t]hat there has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution in the applicant's country. . . .

(2) whether the IJ denied petitioners due process of law by failing to conduct a full and fair hearing on remand.

When the BIA issues a decision, we review only that decision, except to the extent that it expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, the BIA agreed with some of the IJ's findings but also made additional observations, so we will review both the IJ's and the BIA's decisions.

To the extent that the BIA's decision was based on a legal determination, our review is de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001). The BIA and IJ's findings of fact are reviewed under the substantial-evidence test, and we must affirm if the findings are "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Al Najjar, 257 F.3d at 1283-84 (citation omitted). The substantial evidence test is "deferential" and does not allow "re-weigh[ing] the evidence from scratch." Mazariegos v. U.S. Att'y Gen., 241 F.3d 1320, 1323 (11th Cir. 2001). "To reverse the . . . fact findings, we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). That evidence in the record may also support a conclusion contrary to the administrative findings is not enough to justify a reversal. Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

Valderrama argues that the BIA erred in dismissing his appeal because it is established and well-known that the FARC targets people like him, who speak out against the FARC and have some financial resources. He contends that his unrebutted testimony was both credible and detailed regarding his fear of returning to Colombia as well as the past persecution he endured there. As such, his testimony was sufficient to meet the burden of proving eligibility for asylum. Valderrama claims that the events he described, specifically (1) being stopped on the road and told to cease his political activities; (2) his wife's being beaten and left for dead, which resulted in her losing her baby and having to have an ovary removed; and (3) being shot at while driving, when taken together, indicate past persecution. Moreover, the IJ erred in finding that the shooting incident was not politically motivated, since this court had already ruled in his favor on that issue. According to Valderrama, he produced voluminous documentary evidence that corroborated the facts set forth in his application and testimony and supported his claim for asylum, but, of all that documentary evidence, the IJ only pointed out those articles favoring the proposition of changed country conditions without mentioning or explaining the articles discussing Colombia's ongoing violence and the FARC's refusal to negotiate peace with the Uribe administration.

The Attorney General or the Secretary of Homeland Security has discretion to grant asylum if an alien meets the INA's definition of a "refugee." See INA § 208(b)(1)(A), 8 U.S.C. § 1158(b)(1)(A). A "refugee" is:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status. Al Najjar, 257 F.3d at 1284. To carry this burden, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(a), (b); Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1257 (11th Cir. 2006). If an alien demonstrates past persecution, which creates a presumption of future persecution, the burden then shifts to the government to show by a preponderance of the evidence that (1) there is a fundamental change in circumstance such that the alien no longer has a well-founded fear of persecution; or (2) the alien could avoid future persecution by relocating to another part of the country and under the circumstances it would be reasonable to expect the alien to do so. 8 C.F.R. § 208.13(b)(1)(i)(A) and (B).

9

In the absence of past persecution, the alien "must demonstrate a well-founded fear of future persecution that is both subjectively genuine and objectively reasonable." Ruiz, 440 F.3d at 1257. "The subjective component can be proved 'by the applicant's credible testimony that he or she genuinely fears persecution,' while the objective component 'can be fulfilled either by establishing past persecution or that he or she has a good reason to fear future persecution.'" Id. (citation omitted). We require the applicant to present "specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of" a protected ground. Al Najjar, 257 F.3d at 1287 (quotation marks and citation omitted) (emphasis in original).

Where the BIA fails to consider an issue, the proper course of action is to remand except in rare circumstances. I.N.S. v. Orlando Ventura, 537 U.S. 12, 16, 123 S.Ct. 353, 355, 154 L.Ed.2d. 272 (2002); Calle v. U.S. Atty. Gen., 504 F.3d 1324, 1330 (11th Cir. 2007) (describing a rare circumstance as one raising legal and not factual issues).

We conclude that the evidence on the record of Colombia's country conditions compels reversal of the IJ and the BIA's determination that country conditions have changed such that Valderrama no longer has a well-founded fear of future persecution. We remand the case, however, so the BIA can consider

10

whether Valderrama made a showing of past persecution and whether relocation within Colombia is a reasonable option.

Valderrama argues that the IJ disregarded our remand order and, in so doing, violated his constitutional right to due process. We remanded the case for further proceedings, but, except for instructing Valderrama to submit documentary evidence about Colombia's country conditions, he held no further proceedings. Valderrama claims that such instruction indicated the IJ's intent to deny his asylum application and improperly placed the burden of proving country conditions on him. The IJ's refusal to allow Matiz to testify and his statement that our remand order only directed him to "make a finding" is evidence of such intent. If the IJ was right, and all we directed him to do was to make a finding without taking further testimony, he should have made his finding on the basis of the record of the original asylum hearing.

"A court of appeals is not generally empowered to conduct a <u>de novo</u> inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry . . . . [r]ather, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." <u>Gonzales v. Thomas,</u> 547 U.S. 183, 186, 126 S.Ct. 1613, 1615, 164 L.Ed.2d 358 (2006) (quotations and citations omitted). Exhaustion is specifically required where a petitioner alleges a due process violation in being denied a full and fair hearing. <u>See</u>

11

Amaya-Artunduaga v. U.S. Atty. Gen., 463 F.3d 1247, 1251 (11th Cir. 2006).

Accordingly, where, as in this case, the BIA fails to consider an issue, the proper course of action is to remand. Orlando Ventura, 537 U.S. at 16, 123 S.Ct. at 355.

Because the BIA failed to address Valderrama's argument that the IJ denied petitioners due process of law in depriving them of a full and fair hearing on remand, we remand the case to the BIA with the instruction that it address the argument.

PETITION GRANTED.